IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALMON RUSAW HERRIN, JR. | ) |
| | ) |
| v. | ) NO. 3-11-01207 |
| | ) JUDGE CAMPBELL |
| MR. BULT'S, INC. | ) |

## MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 22).[1]

For the reasons stated herein, Defendant's Motion is DENIED.

## FACTS

Plaintiff was formerly employed by Defendant as a truck driver in Defendant's Rutherford

County business operation.  Most recently, Plaintiff drove trucks to and from the Middle Point

Landfill in the Walter Hill community.  On November 9, 2010, Plaintiff was injured on the job.  He

claims that he reported that work-related injury the next morning through a voice message left for

his supervisor and then in a meeting with his supervisor at the landfill.[2]

On that same day, November 10, 2010, Plaintiff's supervisor placed Plaintiff on "overall

performance probation for 90 days" for alleged reckless driving, failure to report injuries

immediately, and failure to have proper attendance. Plaintiff denies these allegations. On December

23, 2010, Defendant terminated Plaintiff's employment, allegedly for running a red light while on

probation as indicated above. Plaintiff asserts that this allegation is false.

---

[1]     The parties agree there is diversity jurisdiction in this Court.  Docket Nos. 38 and 39.

[2]     Plaintiff contends that he did not report his injury sooner because he did not think his
wrist was seriously injured at the time of the accident.  However, it swelled and became painful
overnight.

Plaintiff alleges that Defendant wrongfully discharged him in retaliation for his protected attempt to exercise his statutory rights under Tennessee's Workers' Compensation Act. Defendant argues that its reasons for firing Plaintiff were legitimate, non-pretextual, and non-discriminatory business reasons unrelated to Plaintiff's worker's compensation claim.

Plaintiff asserts (and Defendant does not dispute) that his supervisor, Mr. Williams,[3] had never given Plaintiff a written warning or written form of disciplinary action of any kind until Plaintiff reported his work-related injury on the morning of November 10, 2010, and that Mr. Williams had never issued a written document to Plaintiff for being tardy prior to November 10, 2010.  Docket No. 36, ¶¶ 2-3.

On the other hand, Plaintiff admits that he received an employee discipline notice on October 23, 2008 (for rear-ending a car in a preventable crash), on June 12, 2009 (for unexcused absences), on November 24, 2009 (for violation of safety rules), and on April 13, 2010 (for unexcused absences).  Docket No. 31, ¶¶ 13-16.  Plaintiff also admits that he was absent for 21 days in 2010. *Id*., ¶ 17.   Plaintiff also acknowledges that prior to November 10, a driver in the community had called Defendant and reported that Plaintiff was following too closely.  Docket No. 31, ¶¶ 28-29.

Because Plaintiff missed a load on November 9, 2010, he was instructed by his supervisor to report early on the morning of November 10, 2010.  Docket No. 31, ¶ 21.  Plaintiff did not come in early as instructed. *Id*., ¶ 30; Docket No. 36, ¶ 17.  Defendant asserts that it prepared an employee discipline notice concerning Plaintiff prior to his arrival at 9 a.m. on November 10, 2010; in other words, prior to his report of a work-related injury.  Plaintiff claims that the notice was created *after* Plaintiff reported his injury. The employee discipline notice placed Plaintiff on an overall

_____

[3]        Williams became Plaintiff's supervisor on July 27, 2010.  Docket No. 31, ¶ 10.

performance probation of 90 days for excessive tardiness, reckless driving, and "other," which

Defendant claims included the report of following too closely and Plaintiff's failing to report early

as instructed on November 10, 2010.[4] *Id*., ¶ 31. In addition, the notice mentions Plaintiff's failure

to report his work-related injury immediately.[5]

Pursuant to the probation notice, consequences of any further infractions included the

following: "Any substandard work, tardiness, absences, policy violations or reported unsafe

activities will result in the termination of Russell (sic) employment within the next 90 days. Should

Russell (sic) be report (sic) driving unsafely failing to report injuries immediately or continue to

show proper (sic) attendance within the next 12 months he will be terminated." Docket No. 26-4,

p. 11.

Defendant admits that it gave Plaintiff another employee discipline notice two days after he

reported his injury, on November 12, 2010. *Id*., ¶ 5. Defendant also admits that it terminated

Plaintiff's employment on December 22, 2010, five days after Plaintiff delivered to Defendant

documentation of his work restrictions concerning the work-related injury. *Id*., ¶ 10.

On December 22, 2010, Plaintiff's supervisor, Mr. Williams, received a phone call from John

Doyen, General Manager of one of Defendant's clients. Docket No. 31, ¶¶ 40 and 45. Mr. Doyen

reported to Williams that he had observed one of Defendant's trucks run a red light, and he reported

the trailer number of the vehicle. *Id*., ¶ 47. Using that trailer number, Williams determined that

---

[4]     Defendant also asserts that it had reports of Plaintiff's tardiness and other problems from employees and customers, both in Fayetteville (where Plaintiff used to work) and in Rutherford County. *See* Docket No. 23, pp. 4-6.

[5]     Plaintiff disputes that he should have been disciplined at all for failing to report his injury until the next morning because he did not realize he was actually hurt until during the night.

3

Plaintiff was driving the truck that allegedly ran the red light. *Id*., ¶ 48. Plaintiff disputes that he ran a red light. *Id*., ¶¶ 42 and 48. In response, Williams prepared a termination report, which was approved by Williams' supervisor, and Plaintiff was terminated the following morning (December 23, 2010). *Id*., ¶ 49.

This lawsuit was filed on December 20, 2011, and Defendant has moved for summary judgment on all of Plaintiff's claims.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive

summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

RETALIATORY DISCHARGE

Tennessee recognizes a cause of action for retaliatory discharge following an employee's claim for worker's compensation. *Spears v. SPI America, LLC*, 2012 WL 719663 at * 6 (M.D. Tenn. March 5, 2012).To establish a cause of action for retaliatory discharge following a worker's compensation claim, a plaintiff must show: (1) he was an employee of the defendant at the time of the injury; (2) he made a claim against the employer for worker's compensation benefits; (3) the defendant terminated his employment; and (4) the claim for worker's compensation benefits was a substantial factor in the defendant's motivation to terminate his employment. *Spears* at * 6; *Reed v. Alamo Rent-A-Car, Inc.*, 4 S.W.3d 677, 684 (Tenn. Ct. App. 1999). Defendant argues that Plaintiff cannot establish the fourth element of his retaliatory discharge claim, the causal connection between Plaintiff's worker's compensation claim and his firing.

To meet the substantial factor requirement, a plaintiff must show either direct or compelling circumstantial evidence of a causal connection between the worker's compensation claim and the termination. *Spears* at * 7; *Reed*, 4 S.W.3d at 685. The substantial factor test requires proof only that the filing of the workers' compensation claim constituted an important or significant factor for the discharge. *Yates v. Hertz Corp.*, 285 F.Supp.2d 1104, 1117 (M.D. Tenn. 2003). If the plaintiff is able to provide sufficient direct or circumstantial evidence to allow an inference of a causal link, then the employer has the burden of showing a legitimate, non-pretextual reason for the discharge. *Id*. If the employer makes this showing, then the burden shifts back to the employee to prove that

5

the employer's explanation is pretextual or not worthy of belief. *Id*. at 1118.[6] Essentially, causation

does not exist if the employer's stated basis for the discharge is valid and non-pretextual. *Id*.

Courts have emphasized that the cause of action for retaliatory discharge is a narrow

exception to the employment at will doctrine and evidence of causation must be compelling. *Cooper

v. Wyndham Vacation Resorts, Inc.*, 570 F.Supp.2d 981, 985 (M.D. Tenn. 2008). Without additional

evidence, an employee's subjective belief or speculation that a causal connection exists will not

defeat summary judgment. *Id*. Temporal proximity alone between the claim and the termination is

insufficient, but temporal proximity may serve as evidence of causation if the plaintiff's prior job

performance was otherwise satisfactory. *Spears* at* 7; *Conatser v. Clarksville Coca-Cola Bottling

Co.*, 920 S.W.2d 646, 648 (Tenn. 1995)

Plaintiff contends that it was unfair to discipline him for not reporting his fall immediately

and that had Plaintiff's employment not been in probationary status on December 22, 2010, he

would not have been fired for the red light incident. Plaintiff also argues that he was the subject of

increased scrutiny after reporting his worker's compensation injury. Plaintiff maintains that he went

from an employee in good standing who was not on probation to being placed on probation within

---

[6]        *See Anderson v. Standard Register Co.,* 857 S.W.2d 555, 556 (Tenn.1993) (adopting
the burden-shifting framework of *McDonnell Douglas v. Green,* 93 S.Ct. 1817 (1973)). The
Tennessee Supreme Court later overruled the *Anderson* decision by holding that the burden-shifting
framework of *McDonnell Douglas* does not apply at the summary judgment stage in Tennessee.
*Gossett v. Tractor Supply Co.,* 320 S.W.3d 777, 785 (Tenn.2010). In response to that decision in
*Gossett,* however, the General Assembly enacted Tennessee Code Annotated § 4–21–311(e) (2011),
which establishes the burdens of proof for discrimination and retaliation cases as those set forth in
*McDonnell Douglas. See Perkins v. Metropolitan Government of Nashville,* 380 S.W.3d 73, 79 (Tenn.2012).

an hour of reporting his injury and then two days later, being written up again and given an even more stringent probation.  Docket No. 29.

The Court finds that Plaintiff has shown a genuine issue of material fact as to whether his worker's compensation claim was a substantial factor in Defendant's decision to fire him.  A reasonable juror could decide that Plaintiff's protected conduct was an important or significant factor for the discharge.

Defendant contends that even if Plaintiff could establish the elements of his *prima facie* case, Defendant had a legitimate, nondiscriminatory business reason for its actions and Plaintiff cannot show that reason to be pretexual.  As stated above, Defendant argues that Plaintiff had a history of performance issues, had received a number of employee disciplinary notices, and was on probation at the time of the phone call from Mr. Doyen.  The Court finds Defendant's articulated reasons for its actions to be legitimate and non-discriminatory.

Plaintiff may establish pretext by showing that Defendant's reasons (1) have no basis in fact, (2) did not actually motivate the action; or (3) were insufficient to warrant the action.  *Seeger v. Cincinnati Bell Telephone Co., LLC*, 681 F.3d 274, 285 (6th Cir. 2012). Whichever reason Plaintiff employs, he always bears the burden of producing sufficient evidence from which a jury could reasonably reject Defendant's explanation and infer that the Defendant intentionally retaliated against Plaintiff. *Id*.

Plaintiff basically disagrees with the truth or severity of the alleged misconduct which led to Defendant's actions. He argues, for example, that the call about following too closely was completely resolved at the time the call was received and should not have been included in the November discipline notices.  He also contends that the evidence concerning the timing and

7

placement of his truck at the red light is disputed and, therefore, should not have led to his termination.

The question for the Court is whether Defendant reasonably relied upon the particularized facts then before it in making its decision. *Equal Employment Opportunity Commission v. Southeast Telecom, Inc.*, 780 F.Supp.2d 667, 689 (M.D. Tenn. 2011). The Sixth Circuit has instructed that, in analyzing the employer's reasons, courts should not require that the decisional process used by the employer be optimal or that it left no stone unturned. Rather, the key inquiry is whether the employer made a reasonably informed and considered decision before taking the adverse employment action. *Id.* Defendant may rely upon its "honest belief" concerning the decision. *Seeger*, 681 F.3d at 285.

The Court finds that Plaintiff has created a genuine issue of material fact as to whether Defendant reasonably relied on an honest belief about Plaintiff's performance issues or was actually motivated by his protected conduct. Plaintiff has produced sufficient evidence, for purposes of summary judgment, from which a jury could reasonably reject Defendant's explanation and infer that the Defendant intentionally retaliated against Plaintiff.

### CONCLUSION

For all these reasons, Defendant's Motion for Summary Judgment (Docket No. 22) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

8