UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALMON RUSAW HERRIN, JR. ) | |
| ) | |
| v. ) | NO. 3:11-1207 |
| ) | JUDGE CAMPBELL |
| MR. BULT'S, INC. ) | |

ORDER

Pending before the Court are the following Motions, among other matters, which are ruled upon as noted below:

Plaintiff's Motion in Limine No. 6 (Docket No 68) "moves the Court to order that Defendant shall not be permitted to introduce evidence as to its employees other than Plaintiff who have asserted workers' compensation claims." (Docket No. 68). Defendant has filed a Response (Docket No. 103) which states "Defendant has no plans to introduce evidence of any employees who filed workers' compensation claims." (Docket No. 103). Plaintiff's Motion in Limine No. 6 (Docket No. 68) is GRANTED.

Plaintiff's Motion in Limine No. 7 (Docket No. 70) "moves this Court to order that there shall be no evidence offered nor mentioned in the presence of the jury about Plaintiff's filing a petition in bankruptcy." (Docket No. 70). Defendant has filed a Response (Docket No. 104) which states "Defendant does not object to Plaintiff's Motion in Limine No. 7." (Docket No. 104). Plaintiff's Motion in Limine No. 7 (Docket No. 70) is GRANTED.

Plaintiff's Motion in Limine No. 8 (Docket No. 72) moves the Court to allow the use of Price Williams' deposition given in Plaintiff's workers' compensation case. Defendant has filed a Response (Docket No. 105) which states "Defendant has no objection to either party utilizing

the deposition of Price Williams" provided any testimony "that relates to the workers' compensation proceeding is prejudicial and not relevant." (Docket No. 105). Plaintiff's Motion in Limine No. 8 (Docket No. 72) is GRANTED.

Plaintiff's Motion in Limine No. 11 (Docket No. 78) "moves the Court to exclude the introduction of any evidence or statement by any representative of the Defendant that Plaintiff had a recovery of permanent partial vocational disability benefits in his workers' compensation case." (Docket No. 78). Defendant has filed a Response (Docket No. 108) which states "Defendant joins in that argument" that Plaintiff's permanent partial disability recovery should be excluded. (Docket No. 108). Plaintiff's Motion in Limine No. 11 is GRANTED.

Plaintiff's Motion in Limine No. 13 (Docket No. 82) "moves the Court to rule that financial documents produced by Defendant are admissible at trial if Plaintiff prevails as to compensatory damages and the jury determines this is an appropriate case for punitive damages." (Docket No. 82). Defendant has filed a Response (Docket No. 110) which argues that the financial information may be used in the "second phase" of a bifurcated trial in accordance with Hodges v. S.C. Toof & Co., 833 S.W.2d, 896, 901 (Tenn. 1992). Plaintiff's Motion in Limine No. 13 (Docket No. 82) is GRANTED.

Defendant's Motion to Bifurcate Trial (Docket No. 94) moves the Court to bifurcate the trial in the event that it is determined by the jury that Defendant is liable for punitive damages" pursuant to Hodges v. Toof. (Docket No. 94). Plaintiff has filed a Response (Docket No. 152) stating "no objection." (Docket No. 152). Defendant's Motion to Bifurcate Trial (Docket No. 94) is GRANTED.

Defendant's Motion in Limine No. 1 (Docket No. 59) moves the Court to exclude evidence from John Doyen "as to what his intention was or how he or his company may have handled a situation in which a truck driver was reported to have run a red light." (Docket No. 59,

pp. 1-2). Plaintiff has filed a Response (Docket No. 141) of "no objection." Defendant's Motion in Limine No. 1, included as part of Defendant's various Motions in Limine (Docket No. 59) is GRANTED.

Defendant's Motion in Limine No. 7 (Docket No. 59) moves the Court to exclude evidence regarding the "Family and Medical Leave Act." (Docket No. 59, p. 3). Plaintiff has filed a Response (Docket No. 148) of "no objection." Defendant's Motion in Limine No. 7, included as part of Defendant's various Motions in Limine (Docket No. 59) is GRANTED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE