IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ALMON RUSAW HERRIN, JR. )
)
v. ) NO. 3-11-01207
) JUDGE CAMPBELL
MR. BULT'S, INC. )

ORDER

This case is set for a jury trial on October 22, 2013. The Court held a pretrial conference on October 18, 2013.

Pending before the Court are the following Motions: Defendant's Motions in Limine (Docket No. 59); Defendant's Objections to Plaintiff's Expert Testimony (Docket No. 58); Plaintiff's Motion in Limine # 1(Docket No. 60); Plaintiff's Motion in Limine # 2 (Docket No. 61); Plaintiff's Motion in Limine # 4 (Docket No. 64); Plaintiff's Motion in Limine # 5 (Docket No. 66); Plaintiff's Motion in Limine # 9 (Docket No. 74); Plaintiff's Motion in Limine # 10 (Docket No. 76); Plaintiff's Motion in Limine # 12 (Docket No. 80); Plaintiff's Motion to Use Deposition of John Doyen (Docket No. 130); Plaintiff's Motion in Limine # 15 (Docket No. 136); Plaintiff's Motion in Limine # 16 (Docket No. 138); Plaintiff's Supplemental Motion to Supplement Motion in Limine # 15 (Docket No. 153); and Defendant's Motion in Limine to Bar or Limit Plaintiff's Economist's Post-Trial Damage Projections (Docket No. 175).

In ruling upon all these Motions, the Court has considered the balance of probative value and prejudice pursuant to Fed. R. Evid. 403. As discussed at the pretrial conference:

Defendant's Motions in Limine (Docket No. 59) are GRANTED in part and DENIED in part as follows:

No. 2 - GRANTED.

No. 3 - GRANTED in part and DENIED in part.  Plaintiff may use the testimony of treating physicians only as related to the dates Plaintiff could not work.

No. 4 - DENIED.  Plaintiff may use this evidence, unless otherwise objectionable, as related to Defendant's liability for punitive damages.

No. 5 - DENIED.  The issue of mitigation is for the jury.

No. 6 -GRANTED as to the jury, but issues of front pay are for the Court, not the jury.

Nos. 8, 9 and 10 - GRANTED to the extent of Plaintiff's Responses thereto.

Defendant's Objections to Plaintiff's Expert Testimony (Docket No. 58) are DENIED.  Defendant's arguments go to the weight of the testimony, not its admissibility; provided, however, that all evidence concerning front pay is for the Court, not the jury.  Plaintiff has agreed not to present evidence concerning front pay to the jury.

Plaintiff's Motion in Limine # 1(Docket No. 60) is GRANTED in part and DENIED in part.  Plaintiff may use the deposition of Dr. Joyner but may use only the testimony related to the dates Plaintiff could not work.

Plaintiff's Motion in Limine # 2 (Docket No. 61) is GRANTED in part and DENIED in part.  Plaintiff may use this evidence if it is consistent with the Court's other rulings and not if it is excluded by the Court's other rulings.  Defendant must make contemporaneous objections.

Plaintiff's Motions in Limine # 4 and # 5 (Docket Nos. 64 and 66) are GRANTED in part and DENIED in part.  Requests for Admissions Nos. 74 and 75 may be admitted into evidence as related to Defendant's liability for punitive damages, but Plaintiff's request to redact or strike portions thereof is DENIED.

Plaintiff's Motion in Limine # 9 and Motion in Limine #10 (Docket Nos. 74 and 76) are DENIED without prejudice to contemporaneous objections.  Admissibility of this evidence depends

upon personal knowledge of the witness and whether it is offered for the truth or to show notice to Defendant.

Plaintiff's Motion in Limine # 12 (Docket No. 80) is GRANTED in part and DENIED in part. The expert witness may testify about what he found on the computer, but not as to the meaning or significance of what he found.

Plaintiff's Motion to Use Deposition of John Doyen (Docket No. 130) is DENIED because Mr. Doyen is not unavailable. Defendant is expected to call Mr. Doyen in its case in chief. Provided, however, the Court will not rule on any Rule 50 Motion by Defendant until Plaintiff has had the opportunity to question Mr. Doyen. If Mr. Doyen does not testify, then he will be considered unavailable and Plaintiff can use his deposition.

Plaintiff's Motion in Limine # 15 (Docket No. 136) is GRANTED, pursuant to Fed. R. Evid. 408. In any event, the issue of reinstatement is for the Court, not the jury.

Plaintiff's Motion in Limine # 16 (Docket No. 138) is moot.

Plaintiff's Supplemental Motion to Supplement Motion in Limine # 15 (Docket No. 153) is GRANTED.

Defendant's Motion in Limine to Bar or Limit Plaintiff's Economist's Post-Trial Damage Projections (Docket No. 175) is moot. All matters related to front pay are for the Court, not for the jury. Plaintiff has agreed to limit front pay damages claims to five years post-trial.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE